UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYREE HICKS, et al.,<br><br>        Plaintiffs,<br><br>   vs.<br><br>J. LOPEZ,<br><br>        Defendant. | 1:14-cv-01764-GSA-PC<br><br>ORDER DENYING REQUEST FOR CLASS ACTION CERTIFICATION<br><br>ORDER FOR CLERK OF COURT TO ADD NINETEEN PLAINTIFFS TO THIS ACTION<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK TO OPEN NEW ACTIONS FOR NINETEEN PLAINTIFFS, AS DIRECTED BY THIS ORDER<br><br>THIRTY DAY DEADLINE FOR ALL TWENTY PLAINTIFFS TO:<br><br>  (1) EACH FILE AN AMENDED COMPLAINT IN HIS OWN CASE, AS INSTRUCTED BY THIS ORDER<br><br>  (2) EACH SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS IN HIS OWN CASE, OR PAY THE $400.00 FILING FEE FOR HIS OWN CASE |

**I.    BACKGROUND**

Tyree Hicks, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 3, 2014.  (Doc. 1.)

**II.    REQUEST TO PROCEED AS CLASS ACTION**

The Complaint stems from an incident on July 23, 2014 at North Kern State Prison in Delano, California, during which the defendant, Officer J. Lopez, allegedly failed to protect plaintiff Hicks and other inmates during and after a riot, in violation of the Eighth Amendment. Attached to the Complaint is a page containing the names, ID numbers, and signatures of

nineteen co-plaintiffs. (Id. at 4.) The Complaint indicates that the plaintiffs seek to bring a class action lawsuit for violation of their rights during the incident. (Complaint, Doc. 1 at 5.)

Plaintiff Hicks and his proposed co-plaintiffs are all non-lawyers proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, none of the plaintiffs can "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). A plaintiff's privilege to appear in propria persona is a "privilege ... personal to him. He has no authority to appear as an attorney for others than himself." McShane v. U.S., 366 F.2d 286, 288 (9th Cir. 1966), citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by multiple plaintiffs. Therefore, the request to proceed with a class action shall be denied. The Clerk of Court shall be directed to add the nineteen co-plaintiffs to this action.

## II.     SEVERANCE OF CLAIMS

After reviewing the Complaint, the Court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party ... [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

In the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are in custody presents procedural problems that cause delay and confusion. Delay can arise from the transfer of prisoners to other facilities or

institutions, and the changes in address that occur when prisoners are released from custody. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Therefore, the plaintiffs' claims shall be severed; plaintiff Hicks shall proceed as the sole plaintiff in this action; and new actions shall be opened for plaintiffs Bowman, Salazar, Lawrence, Irby, Webb, Davenport, Pillors, Tilson, Medina, Hollis, Keenan, Chase, Bailey, Jenkins, Todd, Rose, Ruiz, Sanchez, and Davidson. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each plaintiff shall be solely responsible for prosecuting his own action.

Since the claims of the plaintiffs will be severed, each of the plaintiffs, including plaintiff Hicks, shall be given thirty days to file, in his own action, an amended complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" Plaintiffs must each demonstrate in their individual amended complaints how the conditions complained of resulted in a deprivation of their constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Each plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969.

Plaintiffs allege in their November 3, 2014 Complaint that they were placed at risk of harm by Officer J. Lopez. When filing their amended complaints, each plaintiff must allege facts in his own case concerning his *individual* circumstances. Each plaintiff must give sufficient information about what occurred to cause risk of harm *to him*.

Each amended complaint must also specifically state how each defendant is involved. Each plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

///

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purposes of adding new claims arising after November 3, 2014. Plaintiffs may not change the nature of their suits by adding new, unrelated claims in the amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no"buckshot" complaints).

Finally, plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Each amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' request for class action certification is DENIED;
2. The Clerk of Court is DIRECTED to add the following nineteen plaintiffs to this case, using Kern Valley State Prison, P.O. Box 5004, Delano, CA 93216, as their address of record;

   1. Adrian Bowman, AT-9559
   2. Victor Salazar, AB-5405
   3. Donald Lawrence, AT-9353
   4. John Irby, AT-6796
   5. Donnell Webb, AT-4730
   6. Lon Davenport, AT-1920
   7. Darnell Pillors, AU-0071
   8. Glenn Tilson, P-56977
   9. Pablo A. Medina, AT-4819
   10. Christopher M. Hollis, AT-8764

|   |   |   |
|---|---|---|
| 11. | Sigur Keenan, AD-9173 |
| 12. | Kenny Chase, AL-2640 |
| 13. | David Bailey, AC-6014 |
| 14. | Marvin Jenkins, AS-9654 |
| 15. | George Todd, AT-5049 |
| 16. | Larry Rose, AT-7821 |
| 17. | J. Ruiz, F-44929 |
| 18. | Jose Sanchez, AT-0632 |
| 19. | Jason C. Davidson, G-10530 |

3. Plaintiff Hicks shall proceed as the sole plaintiff in case number 1:14-cv-01764-GSA-PC;

4. The claims of plaintiffs Bowman, Salazar, Lawrence, Irby, Webb, Davenport, Pillors, Tilson, Medina, Hollis, Keenan, Chase, Bailey, Jenkins, Todd, Rose, Ruiz, Sanchez, and Davidson are severed from the claims of plaintiff Hicks;

5. The Clerk of the Court is directed to:

   a. Open nineteen separate § 1983 civil actions for plaintiffs Bowman, Salazar, Lawrence, Irby, Webb, Davenport, Pillors, Tilson, Medina, Hollis, Keenan, Chase, Bailey, Jenkins, Todd, Rose, Ruiz, Sanchez, and Davidson;

   b. Assign the new actions to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

   c. File and docket a copy of this order in the new actions opened for plaintiffs Bowman, Salazar, Lawrence, Irby, Webb, Davenport, Pillors, Tilson, Medina, Hollis, Keenan, Chase, Bailey, Jenkins, Todd, Rose, Ruiz, Sanchez, and Davidson;

   d. Place a copy of the Complaint (Doc. 1), which was filed on November 3, 2014 in the instant action, in the new actions opened for plaintiffs

5

        Bowman, Salazar, Lawrence, Irby, Webb, Davenport, Pillors, Tilson, Medina, Hollis, Keenan, Chase, Bailey, Jenkins, Todd, Rose, Ruiz, Sanchez, and Davidson;

    e. Send each of the twenty plaintiffs (including plaintiff Hicks) an endorsed copy of the Complaint (Doc. 1), filed on November 3, 2014, bearing the case number assigned to his own individual action;

    g. Send each of the twenty plaintiffs (including plaintiff Hicks) a § 1983 civil rights complaint form;

    h. Send each of the twenty plaintiffs (including plaintiff Hicks) an application to proceed in forma pauperis;

6. Within **thirty (30) days** from the date of service of this order, the twenty plaintiffs (including plaintiff Hicks) shall each file an amended complaint bearing his own case number;

7. Within **thirty (30) days** from the date of service of this order, the twenty plaintiffs (including plaintiff Hicks) shall each pay the $400.00 filing fee for his own action, or complete and submit an application to proceed in forma pauperis bearing his own case number;

8. Each amended complaint should be clearly and boldly titled "First Amended Complaint" and be an original signed under penalty of perjury; and

9. <u>Failure by a plaintiff to comply with this order may result in the dismissal of the plaintiff's case</u>.

IT IS SO ORDERED.

Dated: **November 21, 2014**          /s/ Gary S. Austin
                                                    UNITED STATES MAGISTRATE JUDGE