UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE TODD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>J. LOPEZ,<br><br>　　　　Defendant. | 1:14-cv-01858-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR<br>RECONSIDERATION<br>(Doc. 8.) |

I.    **RELEVANT PROCEDURAL HISTORY**

George Todd ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 3, 2014.  (Doc. 1.)  On November 24, 2014, the court issued an order requiring Plaintiff to file an amended complaint within thirty days.  (Doc. 2.)   The thirty-day time period passed and Plaintiff did not file an amended complaint or otherwise respond to the court's order.  On January 13, 2015, findings and recommendations were issued, recommending that this case be dismissed for Plaintiff's failure to obey a court order.  (Doc. 5.)  Plaintiff was permitted twenty days in which to file objections to the findings and recommendations.  (Id.) The twenty-day time period passed, and Plaintiff did not file objections or otherwise respond to the findings and recommendations.  On February 12, 2015, the district judge adopted the findings and recommendations and dismissed this case for failure to obey a court order.  (Doc. 6.)

On February 23, 2015, Plaintiff filed untimely objections to the findings and recommendations and a request for extension of time to submit an amended complaint. (Doc. 8.) The court construes Plaintiff's objections as a motion for reconsideration of the court's order dismissing this case.

## II.   MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Under Rule 60(b)(6), the moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A party seeking reconsideration must show more than a disagreement with the Court's decision . . . ." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff argues that he was unable to file his amended complaint because he was transferred from Kern Valley State Prison to Solano State Prison on November 26, 2014, and it takes two to three weeks for his mail to be forwarded to him. Plaintiff also asserts that on February 6, 2015, he was denied access to the law library.

Plaintiff's arguments are unpersuasive.  First, according to Plaintiff's explanation, he was unable to comply with the court's order because of a delay in delivery of the mail to him. However, Plaintiff never informed the Court of his change of address, despite his obligation under Local Rule 108 to do so.  Had Plaintiff followed Local Rule 108, there would not have been a delay.  Plaintiff offers no explanation for why he did not inform the Court of his change of address.  Second, Plaintiff's assertion that he was denied access to the law library on February 6, 2015, does not explain his failure to file an amended complaint in December 2014 or January 2015.  Finally, there is no evidence before the court that Plaintiff used due diligence and requested an extension of time to comply with the court's order.

Plaintiff has not presented sufficient facts that warrant reconsideration.  Plaintiff's motion for reconsideration will be denied.


## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on February 23, 2015, is DENIED.


IT IS SO ORDERED.

Dated:   February 26, 2015     _____

    SENIOR  DISTRICT  JUDGE